UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Justine Bellamy, ) | Civil Action No.: 4:07-2727-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| JOE DOWLING, in his individual and ) | |
| official capacity as director of career and ) | |
| technology for Horry County School ) | |
| District, RONNIE BURGESS, in his ) | |
| individual and official capacity as principal ) | |
| of St. James High School, and ) | |
| HORRY COUNTY SCHOOL DISTRICT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **Procedural History**

In this action, the plaintiff alleges causes of action for discrimination on the basis of race and retaliation in violation of Title VII, 42 U.S.C. §2000e; racial discrimination in violation of 42 U.S.C. §§ 1981 and 1983; and violations of freedom of speech pursuant to 42 U.S.C. § 1983. The defendants filed a motion for summary judgment on April 28, 2008. Plaintiff filed a response on August 19, 2008. Defendants filed a Reply on August 29, 2008. A hearing on the motion for summary judgment was held before Magistrate Judge Thomas E. Rogers, III, on January 22, 2009. On February 11, 2009, the plaintiff filed a motion "to dismiss" her attorneys and stated that she was seeking other counsel. On February 18, 2009, Magistrate Judge Rogers issued a Report and Recommendation recommending that the motion for summary judgment be granted in part and denied in part. The deadline for filing objections to the Report was March 9, 2009. However, as indicated below, the case was stayed on March 5, 2009. On February 19, 2009, attorney Gary White filed a response in opposition to the

1

motion to dismiss him as counsel. After a holding a hearing on March 5, 2009, the Magistrate Judge relieved Plaintiff's counsel and entered an order staying the case until April 20, 2009 to allow the plaintiff to retain new counsel. The order further provided that " if no Notice of Appearance is filed by new counsel within the forty-five days, the Court will consider Plaintiff to be proceeding *pro se*." This Order did not extend the time period for filing objections. On April 14, 2009, attorney Todd Ellis entered an appearance on behalf of the plaintiff. On April 27, 2009, the defendants filed objections to the Report and Recommendation. On April 28, 2009, the plaintiff filed a motion to relieve attorney Ellis. On May 4, 2009, attorney Ellis filed a motion to withdraw as counsel. On June 16, 2009, Magistrate Judge Rogers granted the motion to withdraw, noting that the plaintiff would be proceeding *pro se*. The parties were subsequently notified to be prepared for jury selection and trial during this Court's term of court beginning on July 14, 2009. Plaintiff has not filed any objections at any time to the Magistrate Judge's Report and Recommendation, either through an attorney or proceeding *pro se*.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Rogers carefully considers the issues and recommends that the defendant's motion for summary judgment be granted as to the plaintiff's retaliation claims under Title VII, her claims pursuant to §§ 1981 and 1983, and as to the individual defendants and denied as to the plaintiff's race discrimination claim based on disparate treatment under Title VII.

Plaintiff has not filed any objections. Therefore, after thorough review, the Court adopts that portion of the Report which recommends granting the motion for summary judgment as to the portion of the plaintiff's First Cause of Action under Title VII which constitutes a retaliation claim and as to the Second, Third, and Fourth Causes of Action based on Sections 1981 and 1983 for the reasons stated

by the Magistrate Judge. In addition, the individual defendants are dismissed from the action as recommended by the Magistrate Judge.

Defendant filed objections on April 27, 2009. Technically, these objections are untimely because most of the time period for filing objections had run before the case was stayed. However, the Court has also reviewed the objections on the merits and finds them to be without merit.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Facts**

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation.[1]

**Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

[1] The plaintiff was employed as a cosmetology teacher with the defendant Horry County School District. She alleges that her contract was not renewed because of her race.

Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Id. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of point to the absence of a genuine issue of material fact." Temkin v. Frederick County Commrs, 845 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. Id. and Doyle v. Sentry, Inc., 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (see Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Baber, 977 F.2d 872, citing Celotex Corp., supra. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial

4

on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

## **Title VII Disparate Treatment Claim**

Defendants' objections relate to the portion of the First Cause of Action for disparate treatment based on race pursuant to Title VII. Under Title VII, it is an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."42 U.S.C. §2000e-2(a)(1). The Magistrate Judge recommends a finding that the plaintiff has provided sufficient direct evidence of discrimination to withstand summary judgment on the disparate treatment claim through an alleged statement by a Caucasian Assistant Principal, Dowling, to the effect that "well, the problem is . . . that you're black, and they don't feel like you can do white people's hair."

In their objections, the defendants first assert that the Magistrate's rationale in recommending dismissal of the retaliation claim would also mandate dismissal of the disparate treatment claim, based on the defendants' legitimate, nondiscriminatory reason for their employment decisions. This Court disagrees. The Magistrate discusses the elements required to prove a retaliation claim and finds that the plaintiff failed to show the employer's reasons were pretextual. However, the plaintiff is relying on direct evidence of discrimination on her disparate treatment claim, and the Court finds that the plaintiff has adduced sufficient direct evidence to withstand summary judgment on this issue.

The defendant's remaining arguments concern issues as to which there are disputed issues of fact. Therefore, those objections are overruled.

The Court agrees with the Magistrate Judge that the plaintiff has shown sufficient factual issues to withstand summary judgment on her claim for disparate treatment under Title VII. This Court has to view the evidence in the light most favorable to the nonmoving party on a motion for summary

judgment.  While the defendants make strong arguments for trial purposes, they are not able to show entitlement to summary judgment as a matter of law as to this claim.

The Court affirms and adopts the Report and Recommendation both because of untimely objections by the defendants and no objections having been filed by the plaintiff, and also on the merits. For the foregoing reasons, the undersigned overrules all objections, adopts and incorporates the Report and Recommendation of the Magistrate Judge, and **GRANTS IN PART AND DENIES IN PART** the defendant's motion for summary judgment.  The Motion for Summary Judgment is GRANTED as to the portion of the plaintiff's first cause of action for retaliation under Title VII and as to the Second, Third, and Fourth Causes of Action pursuant to 42 U.S.C. §§ 1981 and 1983. The motion for summary judgment is DENIED as to that portion of the first cause of action which alleges disparate treatment based on race pursuant to Title VII.  Defendants Joe Dowling and Ronnie Burgess are dismissed as party defendants, leaving the sole defendant for trial the Horry County School District.

**AND IT IS SO ORDERED.**

                                             s/ R. Bryan Harwell
                                             R. Bryan Harwell
                                             United States District Court Judge

July 13, 2009
Florence, South Carolina